**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
RAMONA OLANO,

                                Plaintiff,

                                                                COMPLAINT

   -against-

                                                                FLSA COLLECTIVE
DESIGNS BY RJR, LTD. d/b/a RANDI RAHM       ACTION
ATELIER and RANDI RAHM, individually,

                                Defendants.              ECF CASE
--------------------------------------------------------------------------------X

Plaintiff Ramona Olano ("Olano" or "Plaintiff") on behalf of herself and all other similarly situated employees, by and through her attorneys, The Law Offices of Jacob Aronauer, complaining of Designs by RJR, Ltd. d/b/a Randi Rahm Atelier and Randi Rahm, individually (collectively the "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by the Plaintiff and all other similarly situated employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as sample makers at Designs by RJR, Ltd. d/b/a Randi Rahm Atelier ("Designs") located in New York City owned by Randi Rahm ("Rahm").

2. Plaintiff brings this action on behalf of herself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. §

216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Designs owned and controlled by Rahm in New York, NY.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

5. Plaintiff also brings this action due to Defendants' failure to pay earned wages in violation of New York Labor Law § 663, *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Ramona Olano**

9. Plaintiff Ramona Olano is and was at all times relevant hereto an individual residing in Bronx County in the city and state of New York.

2

10. From September 11, 2009 until June 30, 2017, Olano worked as a sample maker at Designs located at 501 Madison Avenue, 4th floor, New York, NY 10022.

11. Olano was a covered employee within the meaning of the FLSA and the NYLL.

12. Upon information and belief, Defendants failed to furnish Olano with accurate statements of wages, hours worked, rates paid and gross wages.

13. Upon information and belief, Defendants did not keep accurate records of wages or hours worked by Olano.

**Defendant Randi Rahm**

14. On information and belief, for approximately the last twenty-two years, Rahm has owned, maintained control, oversight and the direction of Designs in New York City.

15. Defendant Rahm is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer and/or agent of Designs. Defendant Rahm exercised sufficient control over Designs to be considered the Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Designs.

16. Defendant Rahm employed Plaintiff and similarly situated employees at all times relevant.

17. Defendant Rahm has had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant Designs by RJR**

18. Defendant Designs by RJR, Ltd. is a domestic business corporation doing business as Randi Rahm Atelier, having its principal place of business located at 501 Madison Avenue 4th floor, New York, NY 10022.

19. On information and belief, Rahm is the Chief Executive Officer of Designs.

20. At all times relevant to this action, Designs was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

21. On information and belief, Designs has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

22. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and other similarly persons who are current and former employees of Designs since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

23. The FLSA Collective consists of approximately six (6) similarly situated current and former sample makers at Designs who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

24. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or

policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

      i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

      ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

25. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to the Plaintiff and the FLSA Collective.

26. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

27. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

28. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

29. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

5

commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

30. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Plaintiff Olano's Employment at Designs by RJR, Ltd.**

31. From September 11, 2009, through June 30, 2017, Defendants employed Plaintiff, without interruption, as a sample maker.

32. Throughout Plaintiff's employment with Defendants, Plaintiff worked at Designs at 501 Madison Avenue 4th Floor, New York, NY 10022.

33. As a sample maker, Plaintiff's main job duties included sewing designs based on patterns, adjusting high-fashion dresses according to customers' measurements and requirements, and embroidering, decorating and performing intricate detailing on behalf of customers.

34. Throughout her employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

35. Throughout her employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid one and one-half (1.5) times her regular hourly rate for all overtime hours worked.

36. Throughout the majority of Plaintiff's employment, each week Defendants paid Plaintiff for her prior week's work by check.

37. Defendants authorized a week of paid vacation, starting on July 10, 2017. However, on June 30, 2017, Plaintiff was called at about 5:00 p.m. by the manager, Oder Oderes ("Oderes").

38. Oderes informed Plaintiff that Rahm had decided to fire her. No reason was given to Plaintiff as to why she was fired.

39. Despite many years of dedicated service, Defendants did not give Plaintiff a reason for the termination of her employment.

**Prior Wage and Hour Violations at Defendants**

40. On information and belief, a wage and hour complaint was brought against Defendants through the New York State Department of Labor in 2013.

41. On information and belief, this resulted in Designs being required to provide its employees (including Plaintiff) with compensation for unpaid overtime.

42. Despite being investigated by the DOL and being required to pay its employees additional compensation due to their unlawful wage practices, Designs quickly reverted back to their old ways and did not subsequently pay Plaintiff time and one half for all overtime worked.

**Plaintiff Olano's Work Schedule and Pay at Designs**

43. Throughout Plaintiff's employment, Plaintiff usually worked from 9:00 am to 5:00 pm, Monday through Friday.

44. Plaintiff was also sometimes to required to work past 5:00 pm as well as on weekends.

45. Thus, throughout Plaintiff's employment, Plaintiff frequently worked more than 40 hours each week.

46. Plaintiff was not paid one and one-half (1.5) times her regular rate of pay for all overtime worked.

47. Many of the paycheck stubs received by Plaintiff do not accurately record the total amount of hours worked each week by Plaintiff.

48. For example, many of the paycheck stubs received by Plaintiff show inaccurate deductions for NY state taxes, such as listing 10 dependents (instead of 1).

**Defendants' Violations of the Wage Theft Protection Act**

49. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

50. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*

51. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

53. At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

54. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

55. Defendants' decision not to pay overtime was willful.

56. Plaintiff and the FLSA Collective seek damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

57. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

59. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and one-half (1.5) times the regular hourly rate of pay, in violation of the NY Labor Law.

60. Defendants' failure to pay required overtime was willful.

61. As a result of Defendants' NY Labor Law violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

62. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

64. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

65. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**

66. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants have willfully failed to supply Plaintiff and the FLSA Collective with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

68. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the FLSA Collective are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### FIFTH CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law

70. Plaintiff re-alleges and corporates by reference all allegations in all preceding paragraphs.

71. At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL. Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the NYLL.

72. Defendants failed to pay Plaintiff her earned wages for the periods of time and in the manner as set forth above.

73. Defendants' failure to pay Plaintiff her earned wages was willful and not based in any good faith belief of compliance with NYLL § 663, et. seq.

74. As a result of the foregoing, Plaintiff has been denied wages required under NYLL § 663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Designs by RJR, Ltd. d/b/a Randi Rahm Atelier and Randi Rahm, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c) Damages for unpaid overtime due to Plaintiff and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d) Unpaid earned wages in violation of NYLL § 663 *et seq.*;

(e) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(g) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(h) For pre-judgment and post-judgment interest on the foregoing amounts;

(i) For her costs and disbursements of this action, including attorneys' fees; and

(j) For such other further and different relief as this Court deems just and proper.


Dated: July 27, 2017
  New York, New York


Respectfully submitted

/s *Jacob Aronauer*
Jacob Aronauer (JA: 9184)
**THE LAW OFFICES OF JACOB ARONAUER**
225 Broadway, 3rd floor
New York, NY 10007
Telephone: (212) 323-6980
Facsimile: (212) 233-9238
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*