

# Law Offices of Yale Pollack, P.C.

66 Split Rock Road
Syosset, New York 11791
Phone: (516) 634-6340
Fax: (516) 634-6341
www.yalepollacklaw.com

Yale Pollack, Esq.
ypollack@yalepollacklaw.com

September 26, 2017

**VIA ECF**
Honorable William H. Pauley, III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

> Re:    *Ramona Olano v. Designs by RJR, Ltd. et al.*
>        *Southern District Case No.: 17-CV-5703 (WHP)*

Dear Judge Pauley:

My firm represents the Defendants in this matter.  Pursuant to Individual Rule V(A) of Your Honor's Individual Rules, this letter is being submitted jointly with counsel for Plaintiff to respectfully request that the Court permit the parties to submit the fully executed Confidential Settlement Agreement and General Release (the "Agreement") reached in this matter *in camera* for Court approval and without filing on ECF.[1]

This is an action for alleged wages and overtime and brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* and the New York Labor Law ("NYLL").  Plaintiff Ramona Olano ("Plaintiff") contends that Defendants Designs by RJR, Ltd. d/b/a Randi Rahm Atelier ("RJR") and Randi Rahm ("Rahm") (collectively the "Defendants") employed Plaintiff during the period covered in the Complaint.  In addition to her wages, Plaintiff also seeks statutory damages based on Defendants alleged failure to provide certain notices that are required under the NYLL.  Plaintiff was formerly employed by RJR.  Defendants claim that Plaintiff was paid all the amounts that were due and that Defendants' actions fully complied with federal and state law.

---

[1] If deemed necessary, the parties request that the Agreement be filed under seal.  As a final alternative, the parties request that the publicly-available Agreement be redacted as to the parts reflecting settlement amounts, and that the unredacted Agreement be filed under seal.  These are all mechanisms utilized by other New York courts in FLSA cases under appropriate circumstances.  *Falleson v. Paul T. Freund Corp.*, 2010 U.S. Dist. LEXIS 80472 (W.D.N.Y. Aug. 10, 2010) (court takes steps to preserve confidentiality of parties' FLSA settlement); *Medley v. American Cancer Soc'y*, 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal"); *Eiji Suda v. Sushiden Corp.*, 2011 U.S. Dist. LEXIS 31298 (S.D.N.Y. Mar. 23, 2011) (authorizing redaction of publicly filed FLSA agreement); *Savarese v. Cirrus Design Corp.*, 2010 U.S. Dist. LEXIS 21690 (S.D.N.Y. Mar. 8, 2010) (same).

Honorable William H. Pauley, III
September 26, 2017
Page 2

In the Complaint, Plaintiff alleges that she was not paid time and one half for all work after 40 hours.  Defendants vigorously deny the allegations in the Complaint and contend that Plaintiff was properly paid for all hours worked at the appropriate wage rate and that there are proper statements reflecting same.

Plaintiff believes that if she were to prevail on all of her claims in her Complaint, her unpaid wages, inclusive of liquidated damages, notice damages and attorney fees and expenses would total approximately $22,000.00.  However, if Defendants prevailed on their stronger defenses, Plaintiff would not be entitled to any recovery. The gross settlement amount as set forth in the Agreement is a compromise reached at arm-length negotiations between the attorneys when assessing strengths and weakness of their respective claims and defenses.

In furtherance of the parties' mutual desire to avoid the burdens and expense of protracted litigation and to resolve their dispute, they have entered into the above- referenced Agreement, which the parties now request the Court approve as fair and reasonable.  In this regard, the parties represent to the Court that the Agreement: (a) is fair and equitable to all parties; (b) reasonably resolves a *bona fide* disagreement between the parties with regard to the merits of Plaintiff's claims; (c) contains monetary consideration for Plaintiff; and (d) discontinues the action, with prejudice, and on consent.  The parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement.  The Agreement is the result of arduous arms-length bargaining among the parties.  The Agreement reflects the desire by the parties to settle and compromise fully and finally all of Plaintiff's claims asserted in this case as outlined more specifically in the Agreement.  Plaintiff's counsel has reviewed the contents of each provision of the Agreement with Plaintiff, including the damages payment, mutual release, confidentiality provision, attorneys' fee provision, and liquidated damages provision.  As well, Plaintiff's counsel has explained the existence, scope and potential value of Plaintiff's non-wage and hours claims that are covered as part of the general release, as well as the general release that is being obtained by him from Defendants.  Plaintiff understands the provisions in the Agreement and believes that the terms therein are fair and reasonable.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve *bona fide* disputes*." Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011).  The ultimate question is whether the proposed settlement reflects a fair and "reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 2012 U.S. Dist. LEXIS 93918, 19 Wage & Hour Cas. 2d (BNA) 975, 2012 WL 2700381 (S.D.N.Y. 2012), citing *Mosquera v. Masada Auto Sales, Ltd.*, 2011 U.S. Dist. LEXIS 7476, 2011 WL 282327 (E.D.N.Y. Jan. 24, 2011) (internal quotation marks omitted); *see also Martinez v. Ragtime Foods of NY., Inc.,* 11-CV-1483 (JG) (CLP), 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011).

Here, the Agreement was clearly "reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712 (PAC), 2014 WL

Honorable William H. Pauley, III
September 26, 2017
Page 3

5794655, at *4 (S.D.N.Y. Nov. 4, 2014).  Indeed, the settlement in this matter was only reached after a complaint was filed and the parties -- each of whom was represented by counsel -- spent over three month exchanging extensive discovery, arguing over the merits and value of Plaintiff's claims, and engaging in lengthy settlement negotiations.  Based upon the numerous contested issues in this case, including on matters pertaining to both liability and damages on Plaintiff's claims under the FLSA and NYLL, Plaintiff's counsel believes that this settlement is fair and reasonable.  *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.  If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve  the settlement").  Furthermore, ongoing  litigation would also likely  involve  costly motion practice over discovery issues, depositions and summary judgment, in addition to other expenses associated with trial.  In the instant case, the parties' arm's-length bargaining following Plaintiff's initiation of this litigation combined with Plaintiff's ability to be compensated immediately without incurring further substantial litigation costs are factors that weigh in favor of finding the settlement fair and reasonable.  Finally, this case does not involve the litigation of novel and complex issues.  Rather, the wage-and-hour claims brought by Plaintiff involve straight-forward legal issues that have been litigated in many other cases, and therefore continued litigation would not advance the development of the law.

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.  Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.  As a result, it is requested that the Agreement be approved.  *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

As noted above, the parties have agreed that the Agreement, itself, shall not be filed with the Court unless required by the Court.  Therefore, the parties respectfully request the Court complete its review of the Agreement *in camera*, and issue a fairness finding pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  Because confidentiality is requested in relation to obtaining the Court's approval of this Agreement, the parties request that the Agreement not be filed by the Court on ECF and instead remain *in camera*.  Attached hereto is a redacted version of the Agreement pursuant to Your Honor's Individual Rules.

Thank you for your time and courtesies.

Respectfully submitted,
Law Offices of Yale Pollack, P.C.

Yale Pollack

Attachment
cc:      Plaintiff's Counsel (via ECF)

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement") is made and entered into as of the Effective Date defined in Article 17, below, by and between Ramona Olano ("Plaintiff"), on the one hand, and Designs by RJR, Ltd. d/b/a/ Randi Rahm Atelier ("RJR") and Randi Rahm ("Rahm") (collectively, the "Defendants"), on the other hand. Plaintiff and Defendants collectively are referred to as the "Parties" and individually as a "Party".

### W I T N E S S E T H:

**WHEREAS**, on July 27, 2017, Plaintiff filed a Collective Action Complaint in the United States District Court for the Southern District of New York, Civil Action No. 17-CV-05703 (the "Action") against the Defendants regarding her employment with RJR;

**WHEREAS**, the Parties have agreed to resolve this matter solely to avoid the costs of litigation, and the execution of this Agreement shall not be construed as an admission of liability whatsoever by Defendants and in fact it is understood that the Defendants have expressly disclaimed liability. Further, neither Party herein shall purport to be the prevailing Party, to any degree or extent, nor shall this Agreement or its terms be admissible in any proceeding other than in a proceeding for breach of the terms contained herein or as required by law or court Order; and,

**WHEREAS,** the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to resolve amicably and settle fully, finally, and in a confidential manner all of their past, present, and any future claims, disputes or potential disputes which existed or may exist, including but not limited to those relating to the subject matter of the Action, and those arising out of or related directly or indirectly to the allegations contained in the Action, pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, hereby agree as follows:

(The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **Settlement Pay.**

    a.     RJR agrees to pay to Plaintiff a total sum of
[the "Payment"), within fifteen (15) calendar days following the Effective Date of this Agreement, as defined in Article 17 below. Said sum will be paid in the form of three (3) checks as follows:

        (i)     The first check will be in the gross amount of
made payable to "Ramona Olano", which shall represent which shall represent payment for unpaid wages;

(ii)     The second check will be in the gross amount of ⟨ ⟩ made payable to "Ramona Olano", which shall represent payment for liquidated and non-wage damages; and,

(iii)    The third check will be in the amount of ⟨ ⟩ made payable to "The Law Offices of Jacob Aronauer", Plaintiff's attorneys, as and for Plaintiff's attorneys' fees and costs.

b.      It is the intent and desire of the Plaintiff that the portion of the Payment to Plaintiff pursuant to Article 1(a)(i) of this Agreement will be allocated as W-2 wage payments to compensate Plaintiff for alleged unpaid wages and shall be subject to all applicable federal, state and local tax withholdings in accordance with the most recent IRS Form W-4 executed by Plaintiff and on file with RJR. RJR shall issue an IRS Form W-2 to Plaintiff with respect to this portion of the Payment.

c.      It is the intent and desire of Plaintiff that the portion of the Payment made pursuant to Article 1(a)(ii) of this Agreement will not be attributable to, nor will it be considered as, in the nature of, or substitute for, wages. Rather, it is intended by Plaintiff that the portion of the Payment made pursuant to Article 1(a)(ii) of this Agreement be in the nature of non-wage liquidated damages and interest. RJR shall issue an IRS Form 1099 to Plaintiff with respect to the portion of the Payment referred to in this paragraph. Plaintiff acknowledges and agrees that Defendants are not providing any tax advice or representation by this Agreement.   Plaintiff is personally responsible for payment of all taxes and any tax liability resulting from the amount of any settlement payments allocated to 1099 as non-wage liquidated damages and interest. To the extent that there are any additional tax consequences to Plaintiff and/or Defendants arising from the portion of the Payment other than those normally attendant to 1099 income, Plaintiff agrees to indemnify and hold Defendants harmless for all additional taxes, interest and penalties. Plaintiff further agrees to indemnify and hold Defendants harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary. The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under this paragraph. Plaintiff shall provide RJR and/or Rahm with a fully executed IRS form W-9 as a pre-condition to the issuance of this check.

d.      The portion of the Payment referred to in Article 1(a)(iii) is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2). The Law Offices of Jacob Aronauer and Plaintiff shall each receive an IRS Form 1099 with respect to this payment. The Law Offices of Jacob Aronauer shall provide RJR and/or Rahm with a fully executed IRS form W-9 as a pre-condition to the issuance of this check.

e.      The Parties acknowledge and agree that the Payment covers all claims that were or could have been asserted in the Action, including but not limited to all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims, and any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administration costs associated with the settlement. Plaintiff agrees that she has no future entitlement to any compensation, wages, overtime, salary, bonus, commissions, payouts, severance pay, vacation pay or benefits, damages, attorneys' fees or costs other than has been asserted herein and that Plaintiff shall not bring a subsequent action to the contrary. The Parties further acknowledge and agree that the Payment and the obligations set forth in Article 1 of this Agreement shall constitute full and final settlement of all past, present and future

2

claims and causes of action by Plaintiff against Defendants, and all possible claims or issues relative to the Action and said allegations will be forever settled in their entirety.

2.      In the Event of a Breach.  If a breach of Paragraph 1(a) occurs, Plaintiff's counsel will provide a fourteen-day notice to cure the Defendants breach by sending a written notice of the breach by e-mail to ypollack@yalepollacklaw.com.  In the event that Defendants fail to timely cure within fourteen (14) days, Plaintiff shall be entitled to recovery attorney fees for work performed related to recovering monies under the settlement agreement.

3.      **Confidentiality of the Agreement.**

Subject to any Court order holding otherwise, the Parties agree that the terms and conditions of this Agreement, all discussions and settlement negotiations leading thereto, and all documents exchanged in connection with this Agreement, including any of Plaintiff's personal and tax information (the "Confidential Information"), shall be deemed confidential and shall be retained in confidence by the Parties. Notwithstanding this paragraph, any Party (i) if compelled by subpoena, court order, or required by law to disclose the Confidential Information, or (ii) in connection with the enforcement of this Agreement, may disclose such Confidential Information; provided, however, that such disclosure be limited to that minimum portion of the Confidential Information that is necessary to comply with (i) or (ii) above.  Should Plaintiff and/or any person acting by, through, under, or in concert with her be subpoenaed' or subjected by court order to attend to provide Confidential Information, she shall notify RJR within seventy-two (72) hours (unless compliance with the subpoena or court order is demanded in less than seventy-two (72) hours, in which case notification shall occur within twenty-four (24) hours) by sending a copy of the subpoena or court order to the attention of Yale Pollack, Esq., Law Offices of Yale Pollack, P.C., 66 Split Rock Road, Syosset, New York 11791, which delivery shall be made by which delivery shall be made by facsimile to 516-634-6341 and email to ypollack@yalepollacklaw.com, so that Defendants shall have an opportunity to challenge the disclosure of such Confidential Information. The Parties may also disclose the Confidential Information to their financial and tax advisors, their legal counsel, and interpreters used by the Parties' attorneys, provided that the Parties inform those to whom the Parties so disclose of the confidentiality obligations under this Agreement.  Further, the Parties understand and agree that, if any individual to whom such disclosure is made makes unauthorized disclosures (other than pursuant to prongs (i) or (ii) of this paragraph), the disclosing Party may be held liable under this paragraph for those disclosures as if he/she engaged in them personally.

4.      **Remedy for Breach.**

a.      In the event Plaintiff fails to comply with the terms and conditions of this Agreement, Defendants shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to all costs associated with enforcing this paragraph and the Agreement overall, including but not limited to attorneys' fees.;

b.      The Parties acknowledge and agree that the obligations of each Party to provide the consideration recited herein is expressly contingent upon the fulfillment and satisfaction of all the covenants, agreements, and obligations set forth herein, that any failure of the part of the Plaintiff or the Defendants to comply fully with any of the covenants, agreements, or obligations

will constitute a material breach of this Agreement, and that the non-breaching party will be entitled to seek any remedies available to her or it in law or in equity upon a breach of those obligations.

5.    **Waiver of Reinstatement/Reemployment.**  In consideration of RJR's promise to furnish the Payment, Plaintiff agrees that she will not apply to work or seek any employment or business relationship with any of the Defendants or any of their respective affiliates, parent companies, subsidiaries, or successors at any time.  If Plaintiff is found to be an applicant or employee of any of the above, whether inadvertent or otherwise on the part of Plaintiff, then such Defendant or the pertinent affiliate, parent company, subsidiary, or successor, at its sole discretion, may deny or terminate such employment pursuant to this Agreement, which shall serve as an absolute affirmative defense to any liability for such act.

6.    **General Release.**

a.    As a material inducement to Defendants to enter into this Agreement, Plaintiff, on behalf of herself, her heirs, successors, representatives, assigns, attorneys, agents, executors and administrators ("Releasors"), hereby irrevocably and unconditionally releases, acquits, and forever discharges Defendants and their present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, heirs, executors, insurers, business managers, accountants, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expenses, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, that Plaintiff had, now has, or in the future may or could have, arising out of or relating to any matter up to the date of the execution of this Agreement, whether under any theory, including, but not limited to, any and all claims asserted in or related to the Action or Plaintiff's employment with RJR (or her relationship with any other Releasee) and the cessation thereof, excluding any claims to enforce her rights under this Agreement.

b.    Without limiting the generality of the foregoing, this Agreement is intended to and shall release Releasees from any and all claims, demands, rights,  liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, whether known or unknown, which Releasors ever had, now have, or may have against Releasees, including, without limitation, any claim, whether brought on an individual basis or as part of a class, collective, or representative action, under: the United States Constitution, the New York Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k);  the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991); 42 U.S.C. § 1981; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; the National Labor Relations Act, 29 U.S.C. § 151 et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Federal Civil Rights

4

Act, 42 U.S.C. §§ 1983 and 1988; the New York State Human Rights Law, N.Y. Executive Law § 290 et seq.; the New York City Human Rights Law, New York City Charter and Administrative Code; Title VIII, § 8-107 et seq.; the New York Civil Rights Law, N.Y. Civil Rights Law § 79-e et seq.; New York Labor Law, § 1 et seq.; the New York Workers' Compensation Law, N.Y. Workers' Compensation Law § 1 et seq.; the New York Unemployment Insurance Law, N.Y. Labor § 510 et seq.; under any and all other federal, state and local equal employment, fair employment and civil or human rights laws (whether statutory, regulatory or decisional); under the statutory, regulatory or common law of any jurisdiction, including, but not limited to, any and all tort claims (e.g., assault; battery; false imprisonment; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; wrongful termination; negligent hiring, supervision and/or retention; conversion; interference with contract; abusive discharge; and/or loss of consortium, companionship, services or society, etc.), any and all contract claims (e.g., breach of contract, fraud, and/or breach of covenant of good faith and fair dealing) and under any and all applicable federal, state and local laws.

c.      Nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; or (ii) claims that may arise solely based on events occurring after Plaintiff signs this Agreement.

d.      Plaintiff acknowledges that she may discover facts or law different from, or in addition to, the facts or law she knows or believes to exist with respect to a released claim. She agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

e.      Plaintiff acknowledges that she was paid and has received all compensation, wages, bonuses, commissions, and benefits to which she was entitled and that no leave, compensation, wages, bonuses, commissions or benefits are due to her from any of Defendants. Further, Plaintiff acknowledges and agrees that she has not suffered any workplace injury that has not already been reported in writing to Defendants and/or reported in writing to, and addressed by, Defendants.

f.      If any legal proceeding, whether an individual or class action, is instituted in court or a state or federal administrative agency, including any proceeding conducted by the EEOC (collectively referred to herein as "Proceeding"), Plaintiff waives all relief available to her (including, without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and/or causes of action waived in Article 6. Therefore, Plaintiff agrees that she will not accept any award or settlement from any source or Proceeding (including but not limited to any proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that she will, to the extent of her ability, seek to have it closed with prejudice.

g.      Plaintiff further agrees that neither she nor any person acting by, through, under, or in concert with her will initiate, encourage, assist or participate in any Proceeding, including but not limited to providing any information to a person bringing a Proceeding against Releasees or to any third-party on behalf of that person, unless lawfully subpoenaed or otherwise ordered to do so by a court or administrative agency in connection with any investigation it is conducting or as otherwise required by applicable law. Should Plaintiff and/or any person acting by, through, under, or in concert with her be subpoenaed or subjected by court order to attend or

testify, she shall notify RJR within seventy-two (72) hours (unless compliance with the subpoena or court order is demanded in less than seventy-two (72) hours, in which case notification shall occur within twenty-four (24) hours) by sending a copy of the subpoena or court order to the attention of Yale Pollack, Esq., Law Offices of Yale Pollack, P.C., 66 Split Rock Road, Syosset, New York 11791, which delivery shall be made by which delivery shall be made by facsimile to 516-634-6341 and email to ypollack@yalepollacklaw.com, so compliance or objection to same can be directed or raised by Defendants. This is the contact information to be used for all notices to Defendants under this Agreement, unless otherwise indicated herein.

7.     **Mutual Non-Disparagement.**

        a.     Except to the extent required or compelled by law, legal process or subpoena, Plaintiff and Rahm shall not publish, publicize, disclose, or disseminate, or cause to be published, publicized, disclosed or disseminated in any manner, to any person (including, without limitation, any present, former or future employee, agent and/or representative of any media or social media outlet) any information concerning any claims arising out of or relating to Plaintiff's employment with Defendants; the facts or circumstances underlying the claims or allegations set forth in the Action; the existence, contents, and execution of this Agreement; and the discussions and circumstances that preceded this Agreement, including, without limitation, the economic terms of this Agreement. In the event that Plaintiff is asked about the matter that led to this Agreement (including the cessation of Plaintiff's employment), Plaintiff shall respond only as follows: "The matter has been resolved to the satisfaction of the parties."

        b.     Plaintiff agree that, at all times following the Effective Date of this Agreement, she shall not publish or communicate to any person or entity any Disparaging remarks, comments, or statements concerning the Defendants. Rahm agrees that, at all times following the Effective Date of this Agreement, she shall not publish or communicate to any person or entity any Disparaging remarks, comments, or statements concerning the Plaintiff. For purposes of this Agreement, the term "Disparaging" shall mean remarks, comments, statements, or communications (in any form, including but not limited to written, oral, or electronic) that (i) reflect adversely on the affairs or practices of the person or entity being remarked or commented upon, or (ii) impugn the character, honesty, integrity, morality, acumen, or abilities of the person or entity being remarked or commented upon. Plaintiff agrees that it shall not be a breach of this provision if she seeks an employment reference from RJR, which reference shall be directed to Rahm, for Rahm to provide only a neutral employment reference that sets forth only the following information: Plaintiff's dates of employment, job/title position, and final rate of pay with RJR.

        c.     The parties shall not be deemed to be in breach of this provision, however, by providing truthful testimony to the Equal Employment Opportunity Commission or any governmental agency. Should the parties and/or any person acting by, through, under, or in concert with her be requested to provide information in a Proceeding, they shall notify the respective opposing counsel within twenty-four (24) hours of such a request by advising Yale Pollack, Esq., Law Offices of Yale Pollack, P.C., 66 Split Rock Road, Syosset, New York 11791, which delivery shall be made by facsimile to 516-634-6341 and email to ypollack@yalepollacklaw.com.

8.     **Non-Admissions.** Plaintiff acknowledges and agrees that Defendants have entered into this Agreement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, neither this Agreement nor the furnishing of consideration for the general

6

release intended, shall be construed as an admission that Defendants or any Releasee has violated any federal, state or local law (statutory or decisional), ordinance or regulation, or that Defendants or any Releasee has committed any wrong against Plaintiff.

9.      **Representations and Acknowledgments.**

a.      Plaintiff hereby represents and agrees that she: has been advised by Defendants of her right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of her choice; has so consulted with her attorneys, The Law Office of Jacob Aronauer; has carefully read all of the provisions of this Agreement; has had the opportunity to have her attorneys answer any questions she might have had; fully understands all of the provisions of this Agreement; has had a reasonable period of time to consider whether  to enter into this Agreement; and is voluntarily and knowingly entering into this Agreement.

b.      Plaintiff further represents and agrees that to the extent she previously made any written publications about Defendants, on social media or otherwise, that she will remove such publications so that they may not be viewed by the public.

c.      Plaintiff further represents and acknowledged that she has not advised any other employees to file claims against Defendants for claims that relate in any way to the Action.

10.     **Entire Agreement.** This Agreement represents the complete and full settlement of any and all claims of Plaintiff against Defendants or any Releasee and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, she does not rely upon any representation or statement made by Defendants with regard to the subject matter, basis or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing duly executed by the Parties or authorized representatives of the Parties.

11.     **Capability to Waive Claims.** Plaintiff is competent to effect a knowing and voluntary release of all claims as contained herein, and to enter into this Agreement, and is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims against Defendants or to waive all claims that Plaintiff may have against Defendants.

12.     **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13.     **Severability.**

a.      The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement

shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendants.

       b.     If the release of claims contained in Article 6 of this Agreement is limited or held to be null and void, then: (i) this Agreement shall be interpreted or modified to bar any claim that Plaintiff may assert, or, if not so interpreted and/or modified, (ii) Plaintiff shall execute an enforceable general and unlimited release of all claims. However, if either 13(b)(i) or 12(b)(ii) cannot be done, as a matter of law, then Plaintiff shall return, upon demand by RJR, the Payment, or, if its return is not permitted by law or not demanded by RJR, such amount shall be a set-off against any recovery.

14.    **Jointly Drafted Agreement.** This Agreement shall be deemed to have been jointly drafted by both Parties, and no provision herein shall be interpreted or construed for or against any Party because such party drafted or requested such provision, or this Agreement as a whole.

15.    **Applicable Law and Jurisdiction.** The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. The Parties submit to and recognize the jurisdiction of the court of the Supreme Court of the State of New York, County of New York, over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to Releasees.

16.    **No Assignment of Claims.** Plaintiff represents and warrants she has not assigned or hypothecated any claims herein released in any manner, to any person or other entity, in any manner, directly or indirectly.

17.    **Court Approval.** This Agreement is subject to Court approval. Upon execution of this Agreement, the Parties' counsel will sign a Stipulation and Order of Dismissal With Prejudice in the form annexed hereto as Exhibit "A" and request that same be "So-Ordered" and entered by the Court contemporaneously with approval of this Agreement.

18.    **Effective Date.** This Effective Date of this Agreement shall be the later of the date on which the Court (i) approves the Agreement and/or (ii) enters an Order of Dismissal with Prejudice of the Action.

**WHEREFORE,** the parties hereto have read the foregoing Release and Settlement Agreement and accept and agree to the provisions contained herein, and hereby have caused this Agreement to be made effective as of the date above written.

**THIS AGREEMENT INCLUDES A RELEASE BY PLAINTIFF OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST RELEASEES, AND ALL RELEASEES WHO ARE NOT PARTIES TO THIS AGREEMENT ARE AND SHALL BE THIRD-PARTY BENEFICIARIES OF THIS SETTLEMENT AND GENERAL RELEASE AGREEMENT.**

PLAINTIFF

RAMONA OLANO

By: *Ramona Olano*
Ramona Olano

Jacob Aronauer
Notary Public, State of New York
Qualified in New York County
No. 02AR6360901
Commission Expires on June 26, 2021

DEFENDANTS

DESIGNS BY RJR, INC.

By: _____

Name: Randi Rahm
Title: pres

RANDI RAHM

By: _____
Randi Rahm

9

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RAMONA OLANO,

                Plaintiff,

      -against-

DESIGNS BY RJR, LTD. d/b/a RANDI RAHM
ATELLIER and RANDI RAHM, individually,

                Defendants.

-------------------------------------------------------------------------X

Civil Action No.:
17-CV-05703 (WHP)

**STIPULATION AND
ORDER OF DISMISSAL
WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the undersigned counsel agree that this action is dismissed with prejudice in its entirety, without costs or attorneys' fees.

Dated: New York, New York
     September __, 2017

**The Law Offices of Jacob Aronauer**

By:_____
    Jacob Aronauer, Esq.
225 Broadway
New York, New York 10007
(212) 323-6980
*Attorneys for Plaintiff*

Dated: Syosset, New York
     September __, 2017

**Law Offices of Yale Pollack, P.C.**

By:_____
    Yale Pollack, Esq.
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340
*Attorneys for Defendants*

SO ORDERED: _____
           U.S.D.J.

11