UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RAMONA OLANO,  :
 :
                  Plaintiff,  :
 :     17cv5703
           -against-  :
 :     OPINION & ORDER
DESIGNS BY RJR, LTD. d/b/a RANDI  :
RAHM ATELIER and RANDI RAHM,  :
individually,  :
 :
                  Defendants.  :
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM H. PAULEY III, District Judge:

        Ramona Olano brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Designs by RJR, Ltd. and Randi Rahm ("Designs by RJR") for failure to pay overtime and violating various notice and recordkeeping requirements under those statutes. As is common for FLSA cases before this Court, the parties have agreed to settle their dispute. And like many other FLSA litigants, the parties ask this Court to approve the settlement agreement under a shroud of secrecy. But the parties have not demonstrated any compelling reason for redacting the settlement agreement—much less filing it entirely under seal. Nor is the settlement "fair and reasonable," as required by Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015). Accordingly, the parties' requests are denied.

BACKGROUND

        Randi Rahm is a couture and bridal designer who has designed gowns and wedding dresses for the likes of country music singer Miranda Lambert, as well as JoJo Fletcher

and Rachael Lindsay of Bachelorette reality television fame. According to the complaint, Designs by RJR employed Olano as a sample maker, whose job duties included sewing designs, adjusting dresses, and performing embroidering and detailing. The gravamen of Olano's complaint is that while she was usually scheduled to work Monday through Friday from 9 a.m. until 5 p.m., she was sometimes required to work past 5 p.m. and on weekends without receiving overtime pay.

On September 26, 2017, the parties filed a joint letter requesting "that the Court permit the parties to submit the fully executed Confidential Settlement Agreement and General Release . . . reached in this matter in camera for Court approval and without filing on ECF." (ECF No. 13, at 1.) Alternatively, the parties requested that the Settlement Agreement be filed under seal. (ECF No. 13, at 1 n.1.) As a last resort, the parties proposed publicly filing a redacted version of the agreement and filing an unredacted version under seal. (ECF No. 13, at 1 n.1.) The joint letter appends the proposed Settlement Agreement with the settlement amount redacted. That same day, the parties simultaneously submitted an unredacted version of the proposed agreement in camera.

During an October 4, 2017 teleconference, this Court denied the parties' application to file the Settlement Agreement under seal and expressed concerns with a number of its provisions. Because these sorts of issues arise with some frequency, this Court once again reiterates the well-settled principles governing the confidentiality of FLSA settlements and the types of provisions that run afoul of the FLSA. See, e.g., Thallapaka v. Sheridan Hotel Assocs. LLC, 2015 WL 5148867 (S.D.N.Y. Aug. 17, 2015); Mahalick v. PQ N.Y. Inc., 2015 WL 3400918 (S.D.N.Y. Apr. 30, 2015); Armenta v. Dirty Bird Grp., LLC, 2014 WL 3344287 (S.D.N.Y. June 27, 2014).

DISCUSSION

I. Filing Under Seal

The parties—like those in other FLSA cases in this District—seek to keep the settlement amount confidential. As an initial matter, the default rule under the Federal Rules of Civil Procedure provides only for redactions of "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number" unless the court orders otherwise. Fed. R. Civ. P. 5.2(a). Of course, no protective order or confidentiality stipulation has been entered in this case, and settlement amounts in FLSA cases plainly do not fit any of these categories.

The overwhelming majority of courts in this Circuit that have analyzed the propriety of redacting FLSA settlement amounts or filing FLSA settlement agreements under seal have disapproved of those requests because a judicially approved FLSA settlement agreement is a "judicial document" entitled to the strong "presumption of public access," which requires a "substantial showing" to overcome. Lopez v. 41-06 Bell Blvd. Bakery LLC, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (quotation marks omitted), adopted by 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); see also Armenta, 2014 WL 3344287, at *2. Similarly, the "public has a substantial interest in the amount of settlement, and the presumption against disclosure of such information is not easily overcome." Curasi v. Hub Enters., Inc., 2012 WL 728491, at *1 (E.D.N.Y. Mar. 5, 2012) (quotation marks omitted). Indeed, given the public's "right to know about the terms of such judicially approved [FLSA] settlements," it is no surprise that the "overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential." Armenta, 2014 WL 3344287, at *2.

This action is a mine-run FLSA case and presents no unique characteristics that

would overcome the strong presumption of public access to the Settlement Agreement. In support of their position, the parties point to a string of district court decisions—all of which predate Cheeks—where courts allowed settlement agreements to be sealed or filed publicly with redactions simply because the settlements are confidential. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 340 (S.D.N.Y. 2012) (discussing the cases cited in the parties' joint letter); Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 645-46 (S.D.N.Y. 2011) (same). But this reasoning is tautological, and none of these cases contain any extended discussion of a justification outweighing the strong presumption of public access. The parties also reiterate the reflexive argument that confidentiality was a material term of the settlement—never mind that courts in this Circuit have "roundly rejected" this "oft repeated argument . . . as a justification for sealing a FLSA agreement." Bouzzi v. F & J Pine Rest., LLC, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012); accord Joo, 763 F. Supp. 2d at 648 (stating that the fact that "the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public").

        Moreover, a "business's general interest in keeping its legal proceedings private does not overcome the presumption of openness," and a mere "fear of copycat lawsuits or embarrassing inquiries does not suffice to defeat" the congressional intent "to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of . . . FLSA in the workplace." Geskina v. Admore Air Conditioning Corp., 2017 WL 1162910, at *2 (S.D.N.Y. Mar. 28, 2017) (quotation marks omitted) (collecting cases); see also Bouzzi, 841 F. Supp. 2d at 640. "When the amounts recovered by the plaintiffs, and the amount paid in attorney's fees, are redacted, the public is in no position to evaluate the Court's conclusion as to

fairness nor can the public assess whether the rights sought to be protected by . . . FLSA are furthered by the settlement." Bouzzi v. F & J Pine Rest., 2011 WL 7004194, at *2-3 (E.D.N.Y. Sept. 23, 2011), adopted sub nom., Bouzzi v. F & J Pine Rest., LLC, 841 F. Supp. 2d 635 (E.D.N.Y. 2012).  Accordingly, the parties' request to file the Settlement Agreement under seal or with redactions is denied.

 II. Fairness and Reasonableness of the Settlement Agreement

   Cheeks requires that a FLSA settlement be approved by a district court or the Department of Labor when parties settle FLSA claims with prejudice.  Cheeks, 796 F.3d at 206.  In determining whether the settlement agreement is "fair and reasonable," the court considers factors including (1) "the plaintiff's range of possible recovery"; (2) "the seriousness of the litigation risks faced by the parties"; (3) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses" of litigation; (4) "whether the settlement agreement is the product of arm's length bargaining between experienced counsel"; and (5) whether there is any "fraud or collusion."  Wolinsky, 900 F. Supp. 2d at 335.  Further, the court must determine whether the attorney's fees are reasonable.  Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

   Here, the parties' submissions are insufficient for this Court to determine whether the settlement is fair and reasonable.  For example, while the joint letter indicates that "Plaintiff believes" that her range of possible recovery would be $0 to $22,000 (see ECF No. 13, at 2), there is no evidence such as timesheets or other documentation to confirm whether this is so.  Olano's counsel's billing records also appear to be at odds with the joint letter's representations about extensive discovery and lengthy settlement negotiations.  (ECF No. 13, at 3.)  Without further substantiation, this Court cannot determine whether the Settlement Agreement was in fact

the product of arm's length bargaining.

Finally, the Settlement Agreement essentially compiles a "greatest hits" of various provisions that have been struck down or questioned by various courts in this Circuit—including this Court. See Lopez, 2016 WL 6156199, at *2 (collecting many cases in this Circuit that have rejected "confidentiality provisions, non-disclosure provisions, non-disparagement clauses, broad general releases, and waivers of future employment"). They include:

- A provision that the payment constitutes full and final settlement of all past, present, and future claims and causes of action by Plaintiff against Defendants. (Settlement Agreement § 1.e.)  See, e.g., Thallapaka, 2015 WL 5148867, at *1 (observing that an employer may not use a FLSA claim "to leverage a release from liability unconnected to the FLSA"); Cheeks, 796 F.3d at 206 (recognizing that courts have rejected proposed FLSA settlements that contain an overbroad release).

- A broad confidentiality provision that covers the terms and conditions of the Settlement Agreement, all discussions and settlement negotiations leading to the agreement, and all documents exchanged in connection with the agreement, unless required by court order or law. (Settlement Agreement § 3.) See, e.g., Wolinsky, 900 F. Supp. 2d at 337-38; see also Guareno v. Vincent Perito, Inc., 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (observing that "[s]uch a provision is contrary to well-established policy").

- A waiver of future employment with Defendants or any of their affiliates, parent companies, subsidiaries, or successors. (Settlement Agreement § 5.) See Flores v. Food Express Rego Park, Inc., 2016 WL 386042, at *2 (E.D.N.Y. Feb. 1, 2016) (observing that such a waiver is "in some tension with the broad remedial purposes of the FLSA").

- A general release of all past, current, or future claims, whether known or unknown, suspected or unsuspected, relating to any matter up to the execution date of the Settlement Agreement, which is not limited to claims related to this action or Plaintiff's employment with Defendants. (Settlement Agreement § 6.) The Settlement Agreement also provides that if the release of claims is held to be null or void, then (1) the agreement shall be interpreted or modified to bar any claim that Plaintiff may assert; or (2) Plaintiff shall execute an enforceable general and unlimited release of all claims. If neither is possible, then Plaintiff must return the payment to Defendants upon Defendants' demand, and if not, then it will be set off against any recovery. (Settlement Agreement § 13.b.) See, e.g., Thallapaka, 2015 WL 5148867, at *1.

- A non-disparagement "gag order" provision preventing Plaintiff from discussing

the case or settlement unless compelled by law and requiring Plaintiff to respond to any inquiries about the case or settlement with "The matter has been resolved to the satisfaction of the parties." (Settlement Agreement § 7.)  See, e.g., Camacho v. Ess-A-Bagel, Inc., 2015 WL 129723, at *1-2 (S.D.N.Y. Jan. 9, 2015); Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 434 (S.D.N.Y. 2014) ("Nondisclosure agreements in FLSA settlements contravene public policy.").

## CONCLUSION

FLSA is a "uniquely protective statute," and Cheeks admonishes courts to be wary of terms that are abusive or are "in strong tension with the remedial purposes of the FLSA." Cheeks, 796 F.3d at 206-07.  The parties' request to redact the Settlement Agreement or file it under seal is denied.  The parties' request for approval of the settlement is also denied.  The parties are directed to publicly file a revised version of the Settlement Agreement that addresses the deficiencies by October 20, 2017.  The parties shall also, by that date, submit evidence sufficient to allow this Court to ascertain whether the settlement is fair and reasonable.

Dated: October 6, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.