**JACOB ARONAUER, ESQ.**
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

October 24, 2017

**Via ECF and Regular Mail**
Hon. Judge Pauley
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    Ramona Olano v. Designs by RJR, Ltd. et al.
              17-cv-5703 (WHP)

Dear Judge Pauley:

    Plaintiff Ramona Olano ("Plaintiff") and Defendants Designs by RJR, Ltd. d/b/a Randi Rahm Atelier ("RJR") and Randi Rahm ("Rahm") (collectively "Defendants") jointly request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A. A declaration of Plaintiff's counsel pertaining to attorney fees and costs has been submitted separately for Judge Pauley's *in camera* review. This declaration includes a spreadsheet setting forth what Plaintiff's counsel believed Plaintiff's potential damages were in this case.

    Plaintiff sued for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL"). Plaintiff also sought statutory damages based on the Defendants alleged failure to provide certain notices that are required under the NYLL. The Defendants claim that Plaintiff at all times was paid all the amounts that were due and that their actions fully complied with federal and state law.

    Plaintiff claims she was required to perform overtime but was not paid for her labor. The Defendants deny all of Plaintiff's allegations of unlawful practices and policies, as they have contemporaneous records showing that Plaintiff was paid overtime for hours worked. Furthermore, the Defendants maintained that Plaintiff's assertion of the number of overtime hours worked were inflated. The Defendants also maintained that the Plaintiff was not entitled to any liquidated damages in the event that she was found to have not been paid for all overtime.

    Plaintiff believes that if she were to prevail on all of her claims, inclusive of attorney fees, the total amount would be approximately $20,000.00. If the Defendants prevailed on just their stronger defenses, Plaintiff would be entitled to only a *de minimus*

recovery, without liquidated damages as Defendants acted in good faith at all times. The gross settlement amount is $15,000.00 in one lump sum.

The settlement agreement provides that this amount will be allocated as follows: Plaintiff will receive $10,300.00 and (2) Plaintiff's counsel will receive $4,700. The foregoing settlement was reached after settlement discussions following the filing and serving of the complaint.

I ask that the Court note that the retainer agreement I had with my client called for this office to receive 1/3 of any recovery and, in addition, to be reimbursed for all court expenses. However, in light of the fact that this office was able to obtain both a quick and a strong recovery for Plaintiff, I volunteered to take less than set forth in my retainer agreement and not be reimbursed for litigation expenses (approximately $550). The settlement negotiations in this matter did not take a great deal of time. I ask that the Court recall the final settlement this office received, after obtaining a trial verdict, in *Garcia v. Kandael, et al.*, 14-cv-08858 (WHP). Often times in FLSA cases against small businesses, settling the case earlier enables one's client to receive the best overall possible outcome.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of her hours worked is sufficient to prove the hours that she worked and the wages that she received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), her recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to her claimed hours. This is especially so provided that, in this case, Defendants have contemporaneous records of Plaintiff's hours.

The settlement provides, with certainty, that Plaintiff will receive all of her unpaid wages and some of her liquidated damages. If the Defendants' strongest defenses are given credence, Plaintiff would recover significantly less than her claimed unpaid wages—if any. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence available, this range of recovery is reasonable.

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
Mr. Yale Pollack, Esq.
*Attorney for Defendants*

# EXHIBIT A

Case 1:17-cv-05703-WHP   Document 18   Filed 10/24/17   Page 4 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAMONA OLANO,

                        Plaintiff,

-against-

DESIGNS BY RJR, Ltd. d/b/a
RANDI RAHM and RANDI RAHM
ATELIER, individually,

                        Defendants.

**SETTLEMENT AGREEMENT**

17-cv-05703 (WHP)

---

      This Settlement Agreement and General Release of Claims (the "Agreement") is entered into by and between Plaintiff, RAMONA OLANO and her heirs, executors, administrators, successors and assigns ("Plaintiff" or "Olano"), and Defendants DESIGNS BY RJR, Ltd. d/b/a RANDI RAHM and RANDI RAHM ATELIER, individually and their respective affiliates, parents, insurers, subsidiaries, divisions, predecessors, heirs, successors, assigns, executors, administrators, and their current and former employees, officers, directors, agents and attorneys, (collectively, "Defendants").

      WHEREAS, Olano has alleged that she was employed by Defendants; and

      WHEREAS, a dispute arose regarding Plaintiff's employment and the alleged terms thereof, which resulted in her commencing an action in the United States District Court for the Southern District of New York; Docket No. 17-cv-05703 (WHP) (the "Litigation"), in which he alleged violations of federal and New York state wage and hour and overtime laws; and

      WHEREAS, Defendants deny any liability for the alleged violations of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity, risks, uncertainty, and expense of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.   **Recitals:** The recitals above are incorporated herein.

2.   **Payments to Plaintiffs:** In full satisfaction of all of the claims that Plaintiff has against Defendants in connection with the Litigation and otherwise, within fifteen calendar days (15) of the Effective Date of this Agreement, Defendants shall pay to the Plaintiff the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00) (the "Payment") as follows:

a) The first check will be in the gross amount of two thousand eight hundred dollars and zero cents ($2,800.00), less applicable withholdings, made payable to "Ramona Olano", which shall represent payment for unpaid wages;

b) The second check will be in the gross amount of seven thousand and five hundred dollars and zero cents ($7,500.00) made payable to "Ramona Olano", which shall represent payment for liquidated and non-wage damages; and,

c) The third check will be in the amount of Four Thousand and seven hundred dollars and zero cents ($4,700.00) made payable to "The Law Offices of Jacob Aronauer."

d) It is the intent and desire of the Plaintiff that the portion of the Payment to Plaintiff pursuant to Paragraph 2(a) of this Agreement will be allocated as W-2 wage payments to compensate Plaintiff for alleged unpaid wages and shall be subject to all applicable federal, state and local tax withholdings in accordance with the most recent IRS Form W-4 executed by Plaintiff and on file with RJR. RJR shall issue an IRS Form W-2 to Plaintiff with respect to this portion of the Payment.

e) It is the intent and desire of Plaintiff that the portion of the Payment made pursuant to Paragraph 2(b) of this Agreement will not be attributable to, nor will it be considered as, in the nature of, or substitute for, wages. Rather, it is intended by Plaintiff that the portion of the Payment made pursuant to Paragraph 2(b) of this Agreement be in the nature of non-wage liquidated damages and interest. RJR shall issue an IRS Form 1099 to Plaintiff with respect to the portion of the Payment referred to in this paragraph. Plaintiff acknowledges and agrees that Defendants are not providing any tax advice or representation by this Agreement. Plaintiff is personally responsible for payment of all taxes and any tax liability resulting from the amount of any settlement payments allocated to 1099 as non-wage liquidated damages and interest. To the extent that there are any additional tax consequences to Plaintiff and/or Defendants arising from the portion of the Payment other than those normally attendant to 1099 income, Plaintiff agrees to indemnify and hold Defendants harmless for all additional taxes, interest and penalties. Plaintiff further agrees to indemnify and hold Defendants harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary. The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under this paragraph.

f) The portion of the Payment referred to in Paragraph 2(c) is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2). The Law Offices of Jacob Aronauer and Plaintiff shall each receive an IRS Form 1099 with respect to this payment.

g) The parties acknowledge and agree that the Payment covers all claims that were or could have been asserted under the FLSA and NYLL.

h) **In the Event of a Breach.** If a breach of Paragraph 1(a) occurs, Plaintiff's counsel will provide a fourteen-day notice to cure the Defendants breach by sending a written notice of the breach by e-mail to ypollack@yalepollacklaw.com. In the event that Defendants fail to timely cure within fourteen (14) days, Plaintiff shall be entitled to recovery attorney fees for work performed related to recovering monies under the settlement agreement.

i) Defendants received a fully executed W-9 form from both Plaintiff and The Law Offices of Jacob Aronauer.

3. **Effective Date:** The Effective Date of this Agreement shall be the date; (a) the Court approves the Agreement and (b) so-orders the Stipulation and Order of Dismissal annexed hereto as Exhibit "A." If subsections (a) and (b) of this Paragraph take place on different dates, the Effective Date shall be whichever date is later.

4. **Affirmations:** Other than the Litigation, Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any filed claim, complaint, or action against any of the Defendants in any forum.

5. **Full Settlement and Release:** Plaintiff represents and acknowledges that the amounts set forth in Paragraph 2 above represent fair consideration for her release and other obligations under this Agreement, and Plaintiff specifically acknowledges that upon collection of all the payments set forth in Paragraph 2 hereof, Plaintiff is not entitled to any additional payment for wages or other compensation from Defendants

6. **No Admission of Wrongdoing:** This Agreement, and compliance with this Agreement, is and shall not be deemed to be or construed as an admission by Defendants of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this agreement is being entered into by the parties solely to avoid the burden, expense, delay and uncertainty of further litigation and to fully and finally resolve, settle and dismiss, with prejudice, any and all claims of any kind whatsoever related to Plaintiff's wage and hour claims against Defendants, whether known or unknown, that Plaintiff has now or has ever had against any of the Defendants arising from her employment with Defendants as it relates to her wage and hour claims against Defendants. Defendants expressly deny any wrongdoing of any kind with respect to Plaintiff. Neither party shall be considered a prevailing party and each party shall bear her, his or its own attorneys' fees, costs and expenses.

7. **Approval of Settlement and Dismissal of Pending Action:** For and in consideration of collection of the payments described in Paragraph 2 and the terms and conditions of this Agreement, the parties agree: (1) to dismiss the Litigation with prejudice by filing a stipulation in the form annexed hereto; and (2) not to re-file these causes of action, or any other causes of action against the Defendants for any claims whatsoever related to Plaintiff's wage and hour's claims in this Litigation.

8. **Mutual Non-Disparagement:** The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Litigation.

9. **Modification of the Agreement:** Any modification of this Agreement shall not be effective unless in writing and signed by the party to be charged with such change or modification.

10. **Acknowledgment:** It is further understood and agreed that the Payment and the other good and valuable consideration provided for herein is not a mere recital but is the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrants that she entered into this Agreement of her own free will and accord, and in accordance with her own judgment. Plaintiff further acknowledges that she has been fully and fairly represented by counsel in this matter. Plaintiff, after consultation with her attorney, Jacob Aronauer, Esq., hereby states that she and her counsel have made a full and independent investigation of all of the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement and that she is signing this Agreement knowingly and voluntarily.

11. **Governing Law and Venue:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. It is expressly understood between the parties that Judge Pauley the Court in the Southern District of New York, United District Court will retain jurisdiction as to the enforcement of this Agreement. In the event that Judge Pauley is unable to hear any dispute, the parties consent to bring any dispute before a Magistrate Judge in the Southern District of New York.

12. **References:** Defendants agree to provide a neutral reference letter on RJR's letterhead to the Plaintiff, which will confirm her dates of employment, her last job title and her salary at the time of the conclusion of her employment. Such letter shall be provided to Plaintiff within fifteen days after the Effective Date.

13. **Counterparts:** This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signatures on either E-mail or fax shall be deemed as effective as original signatures.

14. **Knowing and Voluntary Release of Claims.**

Plaintiff acknowledges and agrees that she:

4

a) Carefully read this Agreement (and/or had it translated for her in Spanish) and fully understands its meaning;

b) Was advised to consult with an attorney before signing this Agreement, and that she did in fact consult with Plaintiff's Attorney regarding this Agreement;

c) Is receiving benefits which she would not otherwise receive but for her consent to enter into this Agreement; and

d) Is signing this Agreement, knowingly, voluntarily, and without any coercion or duress.

**WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**PLAINTIFF**

**RAMONA OLANO**

By: _Ramona Olano_
    Ramona Olano

**DEFENDANTS**

**DESIGNS BY RJR, INC.**

By: _[signature]_

Name: _Randi Rahm_
Title: _____

**RANDI RAHM**

By: _[signature]_
    Randi Rahm

5

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RAMONA OLANO,

        Plaintiff,

-against-

DESIGNS BY RJR, Ltd. and
RANDI RAHM, individually

        Defendants.
---------------------------------------------------------------X

17-CV-05703 (WHP)

STIPULATION AND
ORDER OF DISMISSAL

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties in the above captioned action, through the undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the undersigned counsel agree that this action is dismissed with prejudice in its entirety, without costs or attorneys' fees.

By: Jacob Aronauer, Esq.
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
*Attorney for Plaintiff*

Dated: Oct 25, 2017

By: Yale Pollack, Esq.
Law Offices of Yale Pollack, P.C.
66 Split Rock Road
Syosset, New York 11791
*Attorney for Defendants*

Dated: October 23, 2017

**SO ORDERED.**

Dated: _____, 20__

_____
Hon. William H. Pauley

7